UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ANTHONY WYNN,  )<br>  by Cindy Wynn, *Next Friend*,  )<br>                                    )<br>     Petitioner,                  )<br>                                      )<br>v.                                       )<br>                                      )<br>UNITED STATES OF AMERICA, *et al.*,  )<br>                                      )<br>     Respondents.          ) | Civil No. 5:25-cv-00214-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a "Petition for Writ of Habeas Corpus" filed by Cindy Wynn. [R. 1.] In July 2022, a criminal complaint was filed in the Covington Division of this Court charging Anthony Wynn with various drug trafficking and firearms offenses. *See United States v. Wynn*, No. 2:22-CR-51-DCR-CJS (E.D. Ky. 2022) [R. 1 therein]. Extensive pretrial proceedings ensued, including the filing of numerous *pro se* filings by Wynn. *See* [R. 81, 135, 147, 188 therein]. In March 2025 a jury convicted Wynn on all three counts of the indictment. *See* [R. 177 therein]. Sentencing is currently scheduled for July 14, 2025. *See* [R. 187 therein]. Wynn is currently confined at the Bourbon County Detention Center. [R. 1-1 at 1].

The Court has received a four-page typewritten petition for a writ of habeas corpus referencing the criminal case against Wynn. *See* [R. 1]. The document identifies Wynn as the petitioner "by Next Friend Cindy Wynn." *See id*. at 1. What follows are several pages of quotations involving generic propositions of the law, including many statements typically asserted by proponents of "sovereign citizen" notions. *Cf. id*. at 2. The petition fundamentally asserts that Wynn's detention is unlawful, but offers no meaningful explanation for that position.

*See id*. at 3 ("The statutes under which I am detained are unconstitutional and inapplicable to a living man."). Wynn seeks immediate release. *See id*. at 4. Cindy Wynn's name is typed at the end of the petition, as well as the end of an attached cover letter demanding immediate review and relief, *see* [R. 1-1 at 2]. However, Wynn did not sign either document. *See id*. Nor did she sign the attached one page affidavit. *See* [R. 3].

The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021). Upon review, the Court will summarily dismiss the petition for two reasons. One, Cindy Wynn failed to sign the petition as is required. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name - or by a party personally if the party is unrepresented.").[1] To be clear, a petitioner must hand write his signature in pen and ink: typing a name is not sufficient. *See* Rule 11, Federal Rules of Civil Procedure, Rules and Commentary ("The word 'signature' means a handwritten signature or other hand-placed mark. Outside of the CM/ECF system, a party or attorney does not satisfy Rule 11's signature requirement by having his name appear in type at the end of the document.") (*citing Becker v. Montgomery*, 532 U.S. 757, 764 (2001)).

Two, and more importantly, Cindy Wynn lacks standing to seek habeas relief on Wynn's behalf. An application for habeas corpus relief is usually signed and filed by the petitioner, but it may also be filed by another person acting on the petitioner's behalf. *See* 28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."); *see also* Habeas Rule 2(c)(5).

---

[1] The Civil Rules apply generally to Section 2254 petitions pursuant to Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules"), which in turn apply to Section 2241 petitions via Rule 1(b) of the former.

But "next friend" status will not be granted automatically "to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 110 S. Ct. 1717, 1727 (1990). To the contrary, strict prerequisites must be satisfied to prevent "intruders or uninvited meddlers, styling themselves next friends" from interceding. *Id*. at 1728; *Cardin v. United States*, 947 F.3d 373, 376 (6th Cir. 2020) ("The 'next friend' doctrine is a device to determine when a motion for collateral relief brought by a person who does not have standing to pursue that relief should be deemed brought by a person who does.").

Generally, "'next friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore*, 110 S. Ct. at 1726 (*citing United States ex rel. Toth v. Quarles*, 76 S. Ct. 1, 3 n.3 (1955)). To warrant next friend status, the proposed "next friend" bears the burden of demonstrating that "two firmly rooted prerequisites" are satisfied. *Id*. at 1727; *Tate v. United States*, 72 F. App'x 265, 266 (6th Cir. 2003). First, he must adequately explain "why the real party in interest cannot appear on his own behalf to prosecute the action" by demonstrating that the petitioner cannot access the courts himself or suffers from an intellectual or other disability. *Id*. Mere difficulty or inconvenience is not enough: "[a] next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989). Second, the proposed "next friend" must have "some significant relationship with the real party in interest," the nature of which indicates that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore*, 110 S. Ct. at 1727-28.

Cindy Wynn makes no effort to satisfy either of these prerequisites. She does not allege, let alone demonstrate, that she and Wynn have any relationship at all to one another, let alone a

3

significant one. Nor does she indicate that Wynn is incapable of filing his own petition. To the contrary, Wynn affirmatively states that he is "of majority age and competent to testify." [R. 1 at 1]. Wynn was also examined and found competent to assist in his defense in the criminal case. *See* [R. 105 therein]. Finally, Wynn's numerous *pro se* filings in his criminal case demonstrate his capacity to file his own requests for legal relief. Indeed, within one day of filing the present petition, Wynn filed a *pro se* petition for a writ of habeas corpus in the criminal case, citing many of the same legal authorities and seeking the same relief. *See* [R. 188 therein]. The foregoing establishes beyond cavil that Wynn, as the real party in interest, is amply capable of prosecuting claims on his own behalf. Because Cindy Wynn does not qualify as his "next friend" under Section 2242, the petition she has filed must be dismissed for lack of standing.

Accordingly, it is **ORDERED** as follows:

1. Wynn's petition [R. 1] is **DENIED**.

2. This matter is **STRICKEN** from the Court's docket.

This the 7th day of July, 2025.

Gregory F. Van Tatenhove
United States District Judge